In re Sherri SPILLANE, Appellant.

No. 89–1102.

United States Court of Appeals, First Circuit.

Submitted June 9, 1989.

Decided Sept. 11, 1989.

See also, Bkrtcy., 75 B.R. 266.

Martin Malinou, Providence, R.I., on brief, for appellant.

Andrew S. Richardson, Wakefield, R.I., on brief, for John Boyajian, trustee, appellee.

Before TORRUELLA and SELYA, Circuit Judges, and COFFIN, Senior Circuit Judge.

COFFIN, Senior Circuit Judge.

Sherri Spillane, debtor in a Chapter 13 bankruptcy proceeding, appeals from an order of the District Court for the District of Rhode Island awarding attorney's fees pursuant to 11 U.S.C. §§ 330(a)(1) and 331. We hold that the district court did not abuse its discretion in setting the fee award and, therefore, affirm.

Appellant filed a bankruptcy petition in Rhode Island in February 1985. In November 1986, the bankruptcy judge recommended to the district court that venue be transferred to California. Appellant objected to the transfer, but the district court nevertheless ordered the case sent to the United States District Court for the Central District of California. Appellant then appealed to this court. We found that the issues were interlocutory and dismissed the appeal for lack of jurisdiction. The trustee was represented before both the district court and this court by counsel approved by the court.

The trustee made two interim applications to the district court for attorney's fees on a total of 30.1 hours expended by counsel in representing the trustee before both courts. The district court examined the records submitted and heard argument concerning the reasonableness of the fee request. The court then awarded $2,709, finding that all 30.1 hours were necessary and reasonable, but reducing the requested amount per hour from $125 to $90. The matter now comes before us on appeal of this award.

## I. JURISDICTION

Before reaching the merits, we must address two issues of jurisdiction. First, although not raised by the parties, we must decide whether this award of attorney's fees is final. We then must review whether the district court had jurisdiction to decide this issue after ordering the case transferred to another district. We address each of these concerns in turn.

### A. *Finality*

■ It is generally held that an interim award of attorney's fees under 11 U.S.C. §§ 330(a)(1) and 331 is not final.[1] *E.g., In re Stable Mews Associates,* 778 F.2d 121, 123, n. 3 (2d Cir.1985) (interim awards not final by definition); *In re Four Seas Center, Ltd.,* 754 F.2d 1416 (9th Cir.1985) (approval of agreement for compensation and payment of first allowance is interim award and not final); *In re Callister,* 673 F.2d 305 (10th Cir.1982) (interim award interlocutory and therefore not appealable). At least two courts have held, however, that a fee award may be considered final where the "order conclusively determined the entire section 330 compensation to be paid the appellees." *See In re Yermakov,* 718 F.2d 1465, 1469 (9th Cir.1983); *In re Dahlquist,* 751 F.2d 295 (8th Cir.1985).

In *Yermakov,* the attorneys requesting fees had been discharged prior to the entry of the fee order. Attorney services were therefore complete and the award on appeal represented all of the services for which these attorneys were entitled to be compensated. Following the principle that "[f]inality is viewed more flexibily in the bankruptcy context than it is in other civil

---

1. Appellant invokes jurisdiction under 28 U.S.C. § 1291, which gives this Court "jurisdiction of appeals from all final decisions of district courts of the United States...." We have held that interpretation of the word "final" in appeal of bankruptcy proceedings should not depend on whether jurisdiction is invoked under 28 U.S.C. § 1291 or § 1293(b) (currently 28 U.S.C. § 158(d)). *Tringali v. Hathaway Machinery Co., Inc.,* 796 F.2d 553, 558 (1st Cir.1986).

litigation contexts," *In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 801 (1st Cir.1985), the Ninth Circuit held that this order "conclusively determined a separable dispute in the case" and was therefore appealable. 718 F.2d at 1469 (citing *In re Saco Local Development Corp.*, 711 F.2d 441, 444 (1st Cir.1983)). The court made this ruling despite language in the district court's order implying further fee applications might be made.[2]

The instant case closely resembles *Yermakov*. The attorney for the trustee was appointed specifically to handle the appeal on the transfer of venue. When we dismissed the appeal for lack of jurisdiction, the attorney's authorized services were terminated. Thus, further applications will not be forthcoming, and appellee so states in both his brief and on the record to the district court. Moreover, because the case will now be transferred to California, the trustee's services are also due to end. He will make no further applications for attorney appointments. For both of these reasons, we conclude that the award of attorney's fees should be treated as final.

### B. *District Court Jurisdiction*

■ Appellant obliquely argues that the district court had no jurisdiction to hear the application for attorney's fees because of the earlier order transferring venue to California. The general rule has been that a district court ordering a transfer does not lose jurisdiction until the order has been executed by forwarding the record. *See Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) (transfer is effective on the date the case is docketed in the transferee court for purposes of appellate jurisdiction to review the decision), *cert. denied,* — U.S. —, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988); *In re Sosa*, 712 F.2d 1479 (D.C.Cir.1983) (actual transfer of the record, not just entry of the order, deprives the court of jurisdiction to review its decision); *In re Nine Mile Limited*, 673 F.2d 242 (8th Cir.1982) (court loses jurisdiction to stay order of transfer upon receipt of records by transferee court); *In re Southwestern Mobile Homes, Inc.*, 317 F.2d 65 (5th Cir.1963) (no appellate jurisdiction where transfer was completed by receipt of record and docketing by transferee court); *A.C. Nielsen Co. v. Hoffman*, 270 F.2d 693 (7th Cir.1959) (court of appeals enjoyed mandamus jurisdiction where there was no showing that files had reached transferee court before petition for review was filed); *Drabik v. Murphy*, 246 F.2d 408 (2d Cir.1957) (transferee court's receipt of records ends jurisdiction of transferor court to reconsider). *See also* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3846 n. 4 (1986 & Supp.1989). *But see Robbins v. Pocket Beverage Co., Inc.*, 779 F.2d 351 (7th Cir.1985) (refusing to hold that transfer of the record is always the controlling fact); *Tharp v. Transworld Drilling Co.*, 367 F.Supp. 521 (W.D.Okl. 1973) (relying on *Koehring Co. v. Hyde Construction Co., Inc.*, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966)[3] to hold that the transferring court loses jurisdiction upon entry of the order to transfer).[4]

Although this circuit has never dealt with the issue head on, we indicated adher-

---

**2.** The district court had specifically noted that the award was only for services rendered up to that point in the proceedings and that further applications might be made. The Ninth Circuit held that this reference, in light of the attorneys' dismissal, could only be taken to refer to applications by other parties for later services.

**3.** In *Koehring,* the Supreme Court considered the effect of an appellate court order to transfer on the jurisdiction of the transferee court. The Court held that the transferee court had jurisdiction on issuance of the order. *Koehring* concerned the unusual situation of an appellate order to transfer, as well as a specific factual need to proceed immediately. It did not address whether the transferor court would lose jurisdiction immediately if the transferee court did not act.

**4.** We recognize that the cited cases interpret 28 U.S.C. § 1404(a), the general provision for transfer of civil cases. Transfer of bankruptcy cases is authorized by a separate provision, 28 U.S.C. § 1412. In the absence of law interpreting § 1412, however, "[t]he analogy provided by decisions applying the general change of venue provision ... is helpful." *In re Miller*, 485 F.2d 74 (5th Cir.1973), *cert. denied,* 415 U.S. 990, 94 S.Ct. 1588, 39 L.Ed.2d 886 (1974). Moreover, for purposes of determining when a transfer of venue is *effective,* there seems to us to be little reason for distinguishing between the two statutes.

ence to the general rule in *In re Josephson*, 218 F.2d 174 (1st Cir.1954). We noted in that case that a petition for writ of mandamus was not mooted by the transfer of the case because the records were still at the clerk's office of the transferor court. *Id.* at 177.

This case differs from the precedent because none of the cases cited above have addressed the question of the district court's jurisdiction to hear issues separate from the order of transfer itself. All have addressed appellate court jurisdiction to review the order to transfer or district court jurisdiction to reconsider its own order. The question before this court is therefore somewhat novel.

We see no reason, however, why the general rule should not be applicable here. The records of this case remain in the District Court for the District of Rhode Island, despite the fact that the order to transfer was issued on July 23, 1987.[5] It appears from the record that no proceedings have begun in the Central District of California and the district court did not indicate that the transfer was to take effect immediately. In addition, as a practical matter, the district court in Rhode Island is in a better position to determine the reasonableness of fees for work performed in its own district. Finally, the attorney's service in the case has ended and the part of the dispute on which he worked is closed. Under these circumstances, there is no factual reason for departing from the general rule.

■ We decline, however, to adopt a rule that makes transfer of the record the universally controlling factor. *See Robbins*, 779 F.2d 351. We leave open whether circumstances such as action by the transferee court or attempts by parties to get such action might deprive the transferring court of jurisdiction in another case. We hold only that the district court had jurisdiction to decide this case and that we, therefore, have jurisdiction to review the decision as the circuit court having supervisory responsibility for the District of Rhode Island.

## II. FEE AWARD

■ A district court traditionally has broad discretion in determining fee awards. Our review of the district court's decision is limited to abuse of discretion or error of law. *Boston & Maine v. Sheehan, Phinney, Bass & Green*, 778 F.2d 890 (1st Cir. 1985); *In re Casco Bay Lines, Inc.*, 25 B.R. 747 (Bankr. 1st Cir.1982). We find no abuse of discretion and uphold the fee award.

■ Debtor first argues that the district court abused its discretion by refusing to allow cross examination of the trustee's attorney during the fee hearing. Spillane wished to prove that the attorney was inexperienced in bankruptcy matters and that some 10 hours of the attorney's time were "unnecessary" because the issues raised were frivolous.

Appellant states that her right to cross examination is absolute and its denial a *per se* abuse of discretion. We disagree. Applicable bankruptcy rules clearly require a hearing before the award of attorney's fees. 11 U.S.C. § 330(a); *In re Foster Iron Works*, 3 B.R. 715 (S.D.Tex.1980). However, the statute says little about the content of that hearing. *In re Ralph Marcantoni & Sons, Inc.*, 62 B.R. 245 (D.Md. 1986). Some guidance is found in 11 U.S.C. § 102, which states that " 'after notice and a hearing,' or similar phrase ... means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

We find that the opportunity for hearing provided was appropriate in these circumstances. Although the court allowed no cross examination, it refused to do so only after itself questioning the attorney on the hours submitted and the experience of the attorney in bankruptcy matters. The court also allowed extensive argument by debtor's counsel about why these hours were not legally necessary.

Appellant did not offer to prove anything not apparent from existing evidence. The

---

**5.** These circumstances were no doubt generated by the series of appeals filed by appellant.

hearing is provided to facilitate the resolution of factual disputes about the nature and extent of services supplied. *See, In re First Colonial Corp. of America*, 544 F.2d 1291, 1300 (5th Cir.1977). Appellant had no factual dispute with the hours submitted by counsel, but rather with the necessity of those hours. Determination of whether the services were rendered on a frivolous legal issue was itself a legal issue for the district court. Cross examination, therefore, was unlikely to add to an informed decision. We find that the district court did not abuse its discretion in disallowing cross examination.

■ Moreover, even if the district court erred by not allowing cross examination, we conclude that the error was harmless. Spillane was attacking the necessity of the legal services rendered. Our review of the record shows that the district court had sufficient information reasonably to conclude that all of the attorney's hours were compensable.

Under the Bankruptcy Code, attorneys are entitled to "reasonable compensation for actual, necessary services ... based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under [the Bankruptcy Code]," 11 U.S.C. § 330(a)(1). This language represents a shift from prior bankruptcy law, which emphasized the policies of conservation of the estate and economy of administration. *In re Casco Bay Lines, Inc.*, 25 B.R. 747 (Bankr. 1st Cir.1982). Courts now try "to balance a spirit of economy on the one hand with fees sufficiently close to market rates to attract qualified counsel on the other." *Boston & Maine v. Sheehan, Phinney, Bass & Green*, 778 F.2d 890, 898 (1st Cir.1985).

The district court appropriately used the "lodestar" analysis for determining the amount of compensation to be awarded in this case. *See Boston & Maine Corp. v. Moore*, 776 F.2d 2 (1st Cir.1985); *Furtado v. Bishop*, 635 F.2d 915 (1st Cir.1980). The critical questions in the lodestar approach, as in the statute, are the reasonableness of the hours spent and the hourly rate sought. *See In re Casco*, 25 B.R. at 758.

In determining how many hours were reasonable, the court must review the work to see "whether counsel substantially exceeded the bounds of reasonable effort," *Pilkington v. Bevilacqua*, 632 F.2d 922, 925 (1st Cir.1980), and disallow hours that were "duplicative, unproductive, excessive, or otherwise unnecessary," *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984). The court is also expected to consider factors such as the type of work performed, who performed it, and the expertise required. *In re Casco*, 25 B.R. at 755. In the bankruptcy context, consideration must also be given to "specialized counsels' understandable expectations that their bills, if reasonable, will not be unduly parsed and to the adequacy of fees necessary in attracting the most competent counsel, particularly when the legal work was of a kind that could arise as well in a nonbankruptcy context." *Boston & Maine v. Moore* 776 F.2d at 7.

In this case, counsel submitted detailed records of the time spent on the two appeals. In reviewing these records we find all entries to be compensable and none to be unreasonably excessive. We have reviewed each of appellant's objections and find no abuse of discretion on the part of the district court in compensating all hours submitted.

■ The district court also determined a reasonable rate of compensation for the attorney in this case. The judge looked to his own experience with attorney charges in the district and examined the trustee's attorney on his experience in bankruptcy. He rejected the requested rate of $125 per hour as excessive for this type of case. We hold that the rate awarded of $90 per hour was not an abuse of discretion. The award of attorney's fees of $2,709 is, therefore, affirmed.

■ Finally, debtor argues that the appeal of this final award makes all earlier issues for which the trustee's attorney expended time appealable by merger with the final issue. Thus, she proposes that those issues that we decided were interlocutory in our earlier opinion are now appealable. We reject this assertion as patently incorrect.

Appellant correctly cites *Tringali v. Hathaway Machinery,* 796 F.2d 553 (1st Cir.1986) for the proposition that entry of a final, appealable order will enable an appellant to request review of earlier nonfinal decisions upon which the final decision rests. *Tringali,* 796 F.2d at 559. But appellant misunderstands the applicability of that decision. The award of attorney's fees in the instant case did not depend on the correctness of the challenged district court orders. The earlier orders are relevant only in determining whether the trustee's attorney reasonably expended time in advocacy of a position. We have already reviewed the decision below for reasonableness, and have found that the court did not abuse its discretion in making the award. The earlier orders discussed in appellant's brief remain interlocutory.

*The order of the district court is affirmed. No costs.*