# United States Court of Appeals
## For the First Circuit

No. 11-1830

IN RE DAVID SULLIVAN AND LUZ ENEIDA SULLIVAN,

Debtors.

L. JED BERLINER,

Movant, Appellant,

v.

DENISE M. PAPPALARDO,

Trustee, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]
[Hon. Henry J. Boroff, U.S. Bankruptcy Judge]

Before

Selya, Circuit Judge,
Souter,* Associate Justice,
and Lipez, Circuit Judge.

L. Jed Berliner, with whom Meghan R. Bristol and Berliner Law Firm were on brief, for appellant.
Lynne F. Riley, with whom Riley Law Group LLC was on brief, for appellee.

March 21, 2012

*Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SELYA**, **Circuit Judge**.  Asserting that the legal fees awarded for professional services rendered in a Chapter 13 proceeding were too meager, a bankruptcy attorney challenges the award.  The district court rejected his importunings, and so do we.

The facts are straightforward.  Late in 2008, the debtors, David Sullivan and his wife, Luz Eneida Sullivan, engaged the appellant, L. Jed Berliner, to represent them in bankruptcy proceedings.  At the time, the debtors had a good income, but they owed more than $115,000 in unsecured debt with no realistic prospect of payment.

The appellant took their case.  In the retainer agreement, he estimated that his legal fees plus court costs would total around $4,000.  The retainer agreement noted, however, that the $4,000 amount could increase should the debtors' case prove unusually complex.  The debtors accepted the terms of the retainer agreement and paid the appellant $3,684 on account.

The appellant instituted a Chapter 13 proceeding on the debtors' behalf.  In due course, the debtors submitted a Chapter 13 plan, see 11 U.S.C. §§ 1321-1322, which was approved by the bankruptcy court.  At an appropriate point, the appellant filed an application for attorneys' fees.  See id. § 330(a)(4)(B).

In his fee application, the appellant provided an itemized account of the hours purportedly worked and, after crediting the debtors with the $3,684 retainer originally paid,

requested an additional $8,173.36 in fees and expenses. The trustee objected to the application on grounds of excessiveness.

The bankruptcy court shared the trustee's view and set the total fee and expense figure at $3,684 (the amount of the initial retainer). The court premised this modest award on a finding that the case was "relatively uncomplicated." Building on this foundation, it noted that the fees requested were much higher than those typically charged in uncomplicated Chapter 13 cases and determined that a great deal of the appellant's claimed work was therefore duplicative and unnecessary. The court concluded that, under the circumstances, aggregate fees on the order of the debtors' up-front retainer payment were appropriate.

The appellant sought review in the district court. See 28 U.S.C. § 158(a). That court affirmed the award. This timely second-level appeal followed. We have jurisdiction under 28 U.S.C. § 158(d)(1).

We review bankruptcy court orders without ceding any special deference to the district court's intervening affirmance. See City Sanit., LLC v. Allied Waste Servs. of Mass., LLC (In re Am. Cartage, Inc.), 656 F.3d 82, 87 (1st Cir. 2011). In conducting this review, we assess the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and its quantification of fees for abuse of discretion. See Casco N. Bank, N.A. v. DN Assocs. (In re DN Assocs.), 3 F.3d 512, 515 (1st Cir. 1993). The

abuse of discretion standard is quite deferential: "we will set aside a fee award only if it clearly appears that the trial court ignored a factor deserving significant weight, relied upon an improper factor, or evaluated all the proper factors (and no improper ones), but made a serious mistake in weighing them." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 292-93 (1st Cir. 2001). In this regard, a material error of law is always an abuse of discretion. Id. at 292.

Fee awards are commonplace in Chapter 13 cases. The standard is familiar: a bankruptcy court may award reasonable fees to a lawyer for a Chapter 13 debtor in line with "the benefit and necessity" of the services rendered. 11 U.S.C. § 330(a)(4)(B). Other considerations to be factored into the decisional calculus include the expertise of the attorney; the time expended by him; the reasonableness of the time given the nature, importance, and complexity of the case; and the reasonableness of the billing rates requested. Id. § 330(a)(3).

The section 330 factors mirror those encapsulated in the traditional lodestar approach to calculating attorneys' fees. See In re Spillane, 884 F.2d 642, 647 (1st Cir. 1989). Consequently, we have recognized that the lodestar method is an appropriate measuring device for attorneys' fees in bankruptcy cases. See id.

Under the lodestar method, a court determines a fee award by "multiplying the number of hours productively spent by a

reasonable hourly rate to calculate a base figure." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008); see In re Spillane, 884 F.2d at 647. When computing the number of hours productively spent, the court should discount time spent on unnecessary, duplicative, or overworked tasks. Gay Officers Action League, 247 F.3d at 295-96.

In the case at hand, the bankruptcy court examined both the hourly rates and the number of hours billed. The court accepted the rates but concluded that the appellant and his staff were claiming an excessive number of hours. The appellant asserts that the court committed three errors in reaching this conclusion. We address each assignment of error in turn.

To begin, the appellant contends that the bankruptcy court distorted the fee calculation by failing explicitly to identify and assess each of the factors enumerated in section 330. This contention misconstrues the lodestar method, which is designed to "provide[] a 'flexible paradigm' not meant to bind the nisi prius court to any single way of calculating the number of hours reasonably expended." Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 526-27 (1st Cir. 1991) (quoting United States v. Metro. Dist. Comm'n, 847 F.2d 12, 16 (1st Cir. 1988)). Given the nature of this paradigm, a bankruptcy court need not march mechanically through a checklist of the section 330 factors when fashioning a fee award. See Metro. Dist. Comm'n, 847 F.2d at 15 (warning that

mechanical approaches to fee awards "sacrifice substance on the altar of form"); see also In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 308 (1st Cir. 1995) (stating that lodestar method should not "be applied in a formulaic or mechanical fashion" (internal quotation marks omitted)). Rather, it suffices if the court makes a fee calculation that takes the section 330 factors fairly into account.

In this instance, it is nose-on-the-face plain that the bankruptcy court did enough to satisfy this standard. It first found the hourly rates reasonable. See 11 U.S.C. § 330(a)(3)(B), (F). It then found that many of the enumerated hours were duplicative and unnecessary in view of the uncomplicated nature of the case. See id. § 330(a)(3)(A), (C)-(D). With these findings in place, it cannot plausibly be said that the bankruptcy court failed to consider the section 330 factors. That the court did not reference all of those factors explicitly is of no moment.

Next, the appellant criticizes the factfinding that undergirds the fee award. In particular, he takes aim at the bankruptcy court's determination that the debtors' case was "relatively uncomplicated." He argues that the debtors' bankruptcy proceeding differed from the mine-run in three ways. In our view, however, these asserted distinctions do not compel the conclusion that the appellant would have us draw.

-6-

As a general rule, the trial court is best positioned to judge the relative complexity of a proceeding. See Foley v. City of Lowell, 948 F.2d 10, 19 (1st Cir. 1991). This case presents no exception to the general rule. In reviewing the bankruptcy court's finding that the debtors' Chapter 13 proceeding was uncomplicated, our role is limited to determining whether the bankruptcy court was clearly wrong. We will reverse only if, after reviewing the record as a whole, we are left with "the irresistible conclusion that a mistake has been made." United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 35 (1st Cir. 2008) (internal quotation marks omitted). It is against this backdrop that we assay the trio of distinctions mounted by the appellant.

First, the appellant posits that the debtors' income was above the median and that, therefore, counsel was required to perform a convoluted means test prior to filing the Chapter 13 plan. See 11 U.S.C. §§ 707(b), 1325(b). But nothing in the record compels the conclusion that the bankruptcy court erred in finding that, notwithstanding the need for a means test calculation, the debtors' case was not complex. The bankruptcy court has extensive experience with the means test and did not believe that the necessity for performing the test in this case justified the unusually high fees requested. The inference drawn by the bankruptcy court is plausible, and the trier's choice among

plausible inferences cannot be clearly erroneous.  See One Star Class Sloop Sailboat, 546 F.3d at 35.

In an effort to blunt the force of this reasoning, the appellant insists that the means test required for the debtors was especially intricate and made the case extraordinary.  But the bankruptcy court rejected this characterization, and the appellant has given us no compelling reason to question the court's conclusion.[1]

Second, the appellant asserts that the debtors demanded unusually frequent communications, which significantly increased his billable hours.  This purported need for extensive communications did not impress the bankruptcy court — and we understand why.  It strains credulity that even the most loquacious client could cause legal bills to triple (and if that happened, one would have ample reason to question the lawyer's management of the case).  After all, lawyers have an obligation to keep hand-holding within reasonable limits.

The appellant also says that the case required him to consult on a real estate transaction that carried potential consequences for the Chapter 13 proceeding.  This may be so, but the appellant has pointed to no facts in the record that would

---

[1] We note in passing that the appellant's own form retainer agreement strongly suggests that, even when taking the need for a means test calculation into account, a Chapter 13 proceeding should generate far less than $11,000 in legal fees.

entitle us to second-guess the bankruptcy court's conclusion that the proposed property sale did not unduly complicate the Chapter 13 proceeding. Because the bankruptcy court's characterization of the case as uncomplicated was not clearly erroneous, we must honor it.

The appellant has one last shot in his sling. In <u>Bogan v. City of Boston</u>, we explained that where "a fee award is substantially reduced, the trial court is expected to provide a detailed explanation for its action." 489 F.3d 417, 430 (1st Cir. 2007). Embracing this language, the appellant declares that the bankruptcy court should have scrutinized his fee application line by line and discarded each duplicative or unnecessary entry one by one. In the absence of such an analysis, his thesis runs, the fee award lacks the requisite "detailed explanation."

This argument rests on a faulty premise. A bankruptcy court's explanation of its fee award need not proceed line by line through the fee application. <u>See</u> <u>Foley</u>, 948 F.2d at 20 (rejecting the requirement of a "comprehensive accounting and line-by-line review" (internal quotation marks omitted)); <u>see</u> <u>also</u> <u>Pearson</u> v. <u>Fair</u>, 980 F.2d 37, 46 (1st Cir. 1992) (stating that a court need not "set forth an exacting, line-by-line explanation of [its] conclusion that the requested award of attorneys' fees must be reduced").

There is no requirement that a bankruptcy court, in explaining a fee award, be precise to the point of pedantry.

-9-

Instead, the explanation need only be sufficiently detailed to allow a reviewing court to ascertain the trial court's thought processes and glean the basis for its award. See Torres-Rivera, 524 F.3d at 340 (upholding reduction in fee award where lower court provided a plausible rationale for its decision).

The reasoning advanced by the bankruptcy court in this case clears that hurdle. The court stated that the appellant's hourly rates were reasonable but that, given the banal nature of the case, the hours claimed were excessive — and it adequately explained why it had come to that conclusion. At the bottom line, the court, based on its extensive experience with similar cases, determined that the appellant could have properly represented the debtors' interests while consuming far fewer than the 58 billable hours claimed. No more was exigible. See id.

We need go no further. For the reasons elucidated above, we uphold the challenged fee award.


**Affirmed**.