IN RE Auberto NIEVES GUZMÁN and
Annette Nazario Rodríguez,
Debtors.

Auberto Nieves Guzmán and Annette
Nazario Rodríguez, Appellants,

v.

Noreen Wiscovitch Rentas, Chapter
7 Trustee, Appellee.

BAP NO. PR 16–045
Bankruptcy Case No. 13–04232–BKT

United States Bankruptcy Appellate Panel
of the First Circuit.

May 17, 2017

Gerardo Santiago Puig, Esq., on brief for Appellants.

Javier Vilariño Santiago, Esq., on brief for Appellee.

Before Feeney, Finkle, and Fagone, United States Bankruptcy Appellate Panel Judges.

Finkle, U.S. Bankruptcy Appellate Panel Judge.

Auberto Nieves Guzmán and Annette Nazario Rodríguez ("Debtors") appeal from the bankruptcy court's order denying their motion for reconsideration of the court's order sustaining the chapter 7 trustee's (the "Trustee") objection to certain claimed exemptions. Because we find no abuse of discretion, we **AFFIRM** the bankruptcy court's order.

## BACKGROUND

The muddled procedural history of this case results from the Debtors' multiple amendments to their asset and exemptions schedules, the Trustee's objections to such amendments, the Debtors' failure to timely

respond to those objections, and delays by the parties.[1]

The Debtors originally filed a voluntary chapter 11 petition in May 2013 and, at their request, the case was converted to chapter 7 a little over two years later. For purposes of this appeal it is sufficient to note that during the chapter 11 case they filed their first amendment to Schedule C–Property Claimed as Exempt ("Schedule C"). Shortly after the case conversion, on July 9, 2015, the Debtors again amended Schedule C ("Second Amended Exemption Schedule") to add to their claimed exemptions under § 522(d)(5)[2] the funds that had been held in the chapter 11 debtor-in-possession bank accounts ("DIP Accounts").

Within 30 days of the filing of the Second Amended Exemption Schedule,[3] the Trustee filed an objection to the Debtors' claimed exemptions to the DIP Accounts ("First Exemption Objection"). She asserted that the Debtors were not entitled to claim exemptions for those accounts because they were funds earned or acquired post-petition, and as such, were property

of the estate to be administered by the Trustee. The objection contained a notice provision incorrectly advising parties in interest, including the Debtors, of a 30–day period in which to object or otherwise respond, or the objection would be deemed unopposed and possibly granted by the court without a hearing.[4] Nineteen days later, the bankruptcy court entered an order sustaining the Trustee's objection as unopposed ("First Exemption Order").

Shortly thereafter, the Debtors filed a motion requesting reconsideration of the First Exemption Order and also presenting their opposition to the First Exemption Objection. As grounds for reconsideration, the Debtors asserted that the 30–day response period provided by the Trustee in the objection was misleading and led to their admittedly "erroneous" belief that they had 30 days to respond when, in fact, the appropriate response period was only 14 days. As to the merits of their claimed exemption, they maintained that the First Exemption Objection should not be sustained because the funds in the DIP Accounts were property of the estate in

---

1. Unfortunately, the bankruptcy court did not provide much explanation of its rulings in the orders entered on the various amendments, objections, and related filings. Perhaps if it had, the proceedings might not have been quite as protracted.

2. Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

3. See discussion of Bankruptcy Rule 4003(b)(1) (setting forth 30–day deadline for objecting to claimed exemptions), infra.

4. Attempting (but failing) to follow the applicable notice requirements set forth in the local rules of the Puerto Rico Bankruptcy

Court, the Trustee in the First Exemption Objection stated:

> Within thirty (30) days after service as evidenced by the certification, and an additional 3 days pursuant to F.R.B.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may, in its discretion, schedule a hearing.

which they can properly claim an exemption under § 522(d)(5). The Trustee did not file any opposition to the reconsideration motion.

On September 9, 2015, before the court acted on this motion, the Debtors filed their third amended Schedule C ("Third Amended Exemption Schedule"). The pertinent change to the schedule updated the balance in the DIP Accounts claimed as exempt. Without conducting a hearing (or referencing the reconsideration motion), by order entered on October 1, 2015, the bankruptcy court vacated the First[1] Exemption Order ("Vacating Order") as "improvidently entered." On that same day, the court also entered a separate order overruling the Trustee's First Exemption Objection ("Order Overruling First Exemption Objection"). No explanation for the court's ruling was given. The Trustee did not appeal either of these orders, but a few days after their entry, she filed a motion requesting a 30-day extension of time to seek reconsideration of the orders. The bankruptcy court did not rule on the extension request for many months and, for unexplained reasons, the Trustee did not file a motion for reconsideration of the orders until almost six months later—March 29, 2016. As grounds she argued that the Order Overruling First Exemption Objection was a manifest error of law. On May 3, 2016, again without explanation, the bankruptcy court denied the Trustee's extension request filed months earlier ("Order Denying Extension"), but it did not acknowledge or rule on the Trustee's motion for reconsideration.

Meanwhile, on April 4, 2016, the Debtors amended Schedule C for the fourth time ("Fourth Amended Exemption Schedule"), to include an exemption for an apartment they owned. The Debtors made no other additions or changes to their other claimed exemptions. Within 30 days of the filing of this amendment, the Trustee filed a "Second Objection to Claimed Exemption and, in the Alternative for Turnover of Property of the Estate" ("Second Exemption Objection"). She maintained that the Vacating Order and the Order Overruling First Exemption Objection only related to the First and Second Amended Exemption Schedules, and the Debtors' subsequent filings of the Third and Fourth Amended Exemption Schedules rendered those prior orders moot. She asserted that this objection was timely because it was filed within the 30-day period for objection to the Fourth Amended Exemption Schedule. As to the merits, the Trustee primarily pressed her position that as a matter of law the Debtors were not entitled to claim an exemption in the DIP Accounts upon conversion of the case to chapter 7.

Adding to the procedural mishmash of this case, the Trustee's Second Exemption Objection contained the same notice error as the First Exemption Objection, stating a 30-day response period. The bankruptcy case docket, however, reflected that the actual response period was 14 days. Once again the bankruptcy court acted on this objection prior to the expiration of the incorrectly stated response period, treating it as "unopposed," and on May 20, 2016, entered an order sustaining the Trustee's objection ("Order Sustaining Second Exemption Objection").

This time the Debtors reacted swiftly and on that same date filed a motion seeking reconsideration of that order and also opposing the Second Exemption Objection ("Debtors' Second Reconsideration Motion").[5] First, they asserted that the Trustee misled them by providing "inadequate and improper notice" of the appropriate response period for the Second Exemption

___

5.  The order on the Debtors' Second Reconsideration Motion is the subject of this appeal.

Objection, and, because they filed their opposition within the 30–day period stated in the objection, the court should consider their opposition on the merits. Second, they challenged this objection as "unwarranted as a matter of law" because: (1) the 30–day time frame for objections to the Fourth Amended Exemption Schedule only applied to newly listed exemptions not previously claimed, and thus, did not apply to the DIP Accounts which were not modified by the Fourth Exemption Schedule; and (2) the Trustee could not reassert her objection to the exemption in the DIP Accounts because the bankruptcy court had already overruled the First Exemption Objection which had raised the same objection, and the court "ended the discussion" when it entered the Order Denying Extension.

The Trustee filed an opposition to the Debtors' Second Reconsideration Motion ("Trustee's Opposition"), contending that: (1) the Debtors knew of the appropriate response date, which was clearly noted in the bankruptcy court's docket as a 14–day response period, and they had previously acknowledged this time frame as the appropriate response period in connection with the First Exemption Objection; (2) the Second Exemption Objection was timely because a new 30–day objection period as to *all* listed exemptions arose upon the filing of the Fourth Amended Exemption Schedule; and (3) the Order Overruling First Exemption Objection and the Order Denying Extension only pertained to the First and Second Amended Exemption Schedules, and the subsequent filings of the Third and Fourth Amended Exemption Schedules rendered those previous orders moot. Finally, the Trustee reasserted her substantive argument that as a matter of law the Debtors could not claim an exemption in the funds in the DIP Accounts.

On July 13, 2016, the bankruptcy court entered an order denying the Debtors' Second Reconsideration Motion ("July 13 Order Denying Reconsideration"), noting only: "for the reasons state[d] in the Chapter 7 Trustee's Opposition." The Debtors then timely filed their notice of appeal of the July 13 Order Denying Reconsideration, and only that order.

## JURISDICTION

■ A bankruptcy appellate panel is "duty-bound" to determine its jurisdiction before proceeding to the merits, even if not raised by the litigants. Rivera Siaca v. DCC Operating, Inc. (In re Olympic Mills Corp.), 333 B.R. 540, 546–47 (1st Cir. B.A.P. 2005) (citing Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.), 226 B.R. 724, 725–26 (1st Cir. B.A.P. 1998)). In order to assess our jurisdiction, we must first identify the order or orders on appeal.

### I. Scope of Appeal

■ In their notice of appeal, the Debtors only identified the July 13 Order Denying Reconsideration. An appeal from an order denying reconsideration is "generally not considered to be an appeal from the underlying judgment." Batiz Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3 (1st Cir. 2002) (citation omitted). Notwithstanding this general rule, we have, on occasion, reviewed both the order denying reconsideration and the underlying judgment itself where two conditions have been met. First, both orders may be reviewed when the appeal involves a post-judgment motion filed within 14 days of the judgment, thereby tolling the appeal period for the underlying order by operation of Bankruptcy Rule 8002(b)(1). See Ross v. Garcia (In re Garcia), 532 B.R. 173, 180 (1st Cir. B.A.P. 2015) (citing Municipality of Carolina v. Baker González (In re Baker

González), 490 B.R. 642, 646 (1st Cir. B.A.P. 2013)); see also Haddock Rivera v. ASUME (In re Haddock Rivera), 486 B.R. 574, 577 n.4 (1st Cir. B.A.P. 2013). Here, the Debtors' Second Reconsideration Motion was filed within 14 days of the entry of the Order Sustaining Second Exemption Objection, and tolled the appeal period. Hence, this timeliness requirement is satisfied.

■ Second, both orders may be reviewed only "when it is clear that the appellant intended to appeal both orders, and where both parties brief issues relating to the underlying judgment." In re Baker González, 490 B.R. at 646 (citing Bellas Pavers, LLC v. Stewart (In re Stewart), No. MB 12-017, 2012 WL 5189048, at *4–5 (1st Cir. B.A.P. Oct. 18, 2012); Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval), 327 B.R. 493, 504 (1st Cir. B.A.P. 2005). "Where the appellant's intent to appeal the underlying judgment is clear, appellate courts in this circuit generally treat the appeal as encompassing both orders." In re Stewart, 2012 WL 5189048, at *4 (citing Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 8 (1st Cir. 2005); Wilson v. Wells Fargo Bank, N.A. (In re Wilson), 402 B.R. 66, 69 (1st Cir. B.A.P. 2009); In re San Miguel Sandoval, 327 B.R. at 504).

■ Here, the Debtors' intent is unequivocal and plainly limited to an appeal from the July 13 Order Denying Reconsideration. Not only was this the sole order identified in their notice of appeal and in their statement of the issues on appeal, they posed each of the stated issues solely in the context of whether the bankruptcy court erred in denying the Debtors' Second Reconsideration Motion. Precluding any doubts of their intention, at oral argument the Debtors' counsel confirmed that the appeal is only from the July 13 Order Denying Reconsideration. Our review then is confined to that order, and for reasons elucidated below, this limitation significantly impacts the appeal.

## II. Finality

■ We have jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy court. See 28 U.S.C. § 158(a)(1), (b)(1). " '[A]n order denying reconsideration is final if the underlying order is final and together the orders end the litigation on the merits.' " United States v. Monahan (In re Monahan), 497 B.R. 642, 646 (1st Cir. B.A.P. 2013) (quoting Garcia Matos v. Oliveras Rivera (In re Garcia Matos), 478 B.R. 506, 511 (1st Cir. B.A.P. 2012)). A bankruptcy court's order sustaining an objection to a debtor's claimed exemption is a final, appealable order. Massey v. Pappalardo (In re Massey), 465 B.R. 720, 723 (1st Cir. B.A.P. 2012) (citations omitted); Newman v. White (In re Newman), 428 B.R. 257, 261 (1st Cir. B.A.P. 2010) (citations omitted). Accordingly, the July 13 Order Denying Reconsideration is also a final order, and we have jurisdiction to hear this appeal.

## STANDARD OF REVIEW

We review a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Jeffrey P. White & Assocs., P.C. v. Fessenden (In re Wheaton), 547 B.R. 490, 496 (1st Cir. B.A.P. 2016) (citation omitted). If the underlying Order Sustaining Second Exemption Objection were before us, we would conduct a de novo review on the merits of the legal issues raised by that order, including whether a new objection period arises as to all claimed exemptions with any amendment of the exemption schedule and whether the DIP Accounts were subject to exemption under § 522(c)(5). But it is not, so our review of the July 13 Order Denying Reconsideration is limited to the abuse of

discretion standard. See Rodriguez v. Banco Popular de Puerto Rico (In re Rodriguez), 516 B.R. 177, 183 (1st Cir. B.A.P. 2014) ("We review a bankruptcy court's order denying a motion for reconsideration of a previous judgment for manifest abuse of discretion."). "The abuse of discretion standard is quite deferential[.]" Berliner v. Pappalardo (In re Sullivan), 674 F.3d 65, 68 (1st Cir. 2012). The First Circuit's explanation of the implications of this type of limited review is instructive:

> On appeal from a denial of a [reconsideration] motion, the movant faces a further hurdle. The [bankruptcy] court typically has an intimate, first-hand knowledge of the case, and, thus, is best positioned to determine whether the justification proffered in support of a [reconsideration] motion should serve to override the opposing party's rights and the law's institutional interest in finality. Consequently, we defer broadly to the [bankruptcy] court's informed discretion in granting or denying relief from judgment, and we review its ruling solely for abuse of that discretion.

Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (citations omitted).

We may set aside a bankruptcy court's discretionary ruling only if it appears the court " 'relie[d] upon an improper factor, neglect[ed] a factor entitled to substantial weight, or consider[ed] the correct mix of factors but ma[de] a clear error of judgment in weighing them.' " Mercado v. Combined Invs., LLC (In re Mercado), 523 B.R. 755, 761 (1st Cir. B.A.P. 2015) (quoting Bacardí Int'l Ltd. v. V. Suárez & Co., 719 F.3d 1; 9 (1st Cir. 2013)). "Material" errors of law may constitute an abuse of discretion. See Charbono v. Sumski (In re Charbono), 790 F.3d 80, 85 (1st Cir. 2015) (citing In re Sullivan, 674 F.3d at 68). "A manifest error of law is [a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law." Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004) (quoting Black's Law Dictionary 563 (7th ed. 1999)) (internal quotations omitted).

## DISCUSSION

### I. Legal Framework of Motions for Reconsideration

We think it appropriate to discuss at some length the rule-based underpinnings of motions for reconsideration. There appears to be confusion by many practitioners about such motions, as they frequently omit any reference to their predicate authority. In fact, such motions are a misnomer.

As a starting point, motions for reconsideration are *not* recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure. In re Ortiz Arroyo, 544 B.R. 751, 756 (Bankr. D.P.R. 2015) (citation omitted). Bankruptcy courts usually treat a motion for reconsideration as either a motion to alter or amend a judgment under Rule 59(e), made applicable in bankruptcy by Bankruptcy Rule 9023, or as a motion for relief from judgment under Rule 60(b), made applicable in bankruptcy by Bankruptcy Rule 9024. See Surita Acosta v. Reparto Saman Inc. (In re Surita Acosta), 497 B.R. 25, 31 (Bankr. D.P.R. 2013) (citations omitted) (noting motion for reconsideration implicates either Rule 59(e) or 60(b)). " 'These two rules are distinct; they serve different purposes and produce different consequences.' " In re Ortiz Arroyo, 544 B.R. at 756 (quoting Lopez Jimenez v. Pabon Rodriguez (In re Pabon Rodriguez), 233 B.R. 212, 219 (Bankr. D.P.R. 1999), aff'd, 17 Fed.Appx. 5 (1st Cir. 2001)).

Where no rule is designated, the applicable rule often depends on the time such motion is filed. See Ramirez

Rosado v. Banco Popular de P.R. (In re Ramirez Rosado), 561 B.R. 598, 607 (1st Cir. B.A.P.2017). A motion under Rule 59(e) must be filed within 14 days of the entry of the judgment or order.[6] A Rule 60(b) motion may also be filed within 14 days of the entry of the judgment or order, but if a motion is filed after the 14–day period, and within one year of the entry of the judgment or order, the motion is usually construed under Rule 60(b). Nonetheless, even where the movant designates a particular rule, "[t]he substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. 109, 113 (Bankr. D.P.R. 2012). Under either rule, "the granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted); see also In re Lozada Rivera, 470 B.R. at 112.

■■■■■ Rule 59(e) does not state the grounds on which relief may be granted, and courts have "considerable discretion" in deciding whether to grant or deny a motion under the rule. ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008). It is well settled in the First Circuit that to meet the threshold requirements of Rule 59(e), the motion "must demonstrate the 'reason why the court should reconsider' its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision." In re Arroyo, 544 B.R. at 756–57 (quoting In re Pabon Rodriguez, 233 B.R. at 219). The movant must either clearly establish a manifest error of law or fact or must present newly discovered evidence that could not have been discovered during the case. See Banco Bilbao Vizcaya Argentaria P.R. v. Santiago Vázquez (In re Santiago Vázquez), 471

B.R. `752, 760 (1st Cir. B.A.P. 2012) (citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997)); see also Marie, 402 F.3d at 7 n.2 (citations omitted). "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citations omitted) (internal quotations omitted). "In practice, [Rule] 59(e) motions are typically denied because of the narrow purposes for which they are intended." In re Arroyo, 544 B.R. at 757 (citation omitted).

■■■■■ Rule 60(b) "seeks to balance the importance of finality against the desirability of resolving disputes on the merits." Farm Credit Bank of Baltimore v. Ferrera–Goitia, 316 F.3d 62, 66 (1st Cir. 2003) (citation omitted). In contrast to Rule 59(e), it sets forth the grounds for relief, providing that the bankruptcy court may relieve a party from a final judgment, order or proceeding if the movant successfully establishes any of the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**6.** Bankruptcy Rule 9023 expressly alters the 28–day time frame set forth in Rule 59(e).

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Debtors' Second Reconsideration Motion did not refer to the underlying authority for the motion, let alone specify under which of the two potentially applicable rules they were proceeding. In the absence of such specification, because the motion was filed within 14 days of the entry of the Order Sustaining Second Exemption Objection, we deem it a motion under Rule 59(e).[7] To prevail on their motion then, the Debtors needed to either present to the bankruptcy court newly discovered evidence unavailable prior to the entry of the order, or demonstrate that the bankruptcy court made a manifest error of law or fact in sustaining the Trustee's objection.

## II. Debtors' Arguments

The Debtors urge the Panel to reverse the bankruptcy court's denial of reconsideration on the following grounds: (1) the 30–day response period in the Second Exemption Objection was misleading, resulting in their failure to file an opposition within the applicable 14–day period and the entry of the order sustaining the Trustee's objection by default; (2) the Trustee's Second Exemption Objection was time-barred and should not have been considered by the court; and (3) the Trustee's objection to their claimed exemption in the DIP Accounts was unwarranted as a matter of law. We consider each in turn.

### A. Trustee's Erroneous Notice of Response Period

██ Puerto Rico Local Bankruptcy Rule ("Local Rule") 9013–1(c) provides, in relevant part:

### (c) Required Response Time Language Must be Included on All Papers.

(1) Usual Papers. Adequate notice must be given to interested parties of the time to respond to every motion, application, or objection to exemption. Motions with a different response time are set forth in paragraph (2) below.

This notice may be in single or double space, must be in at least 11 point type, and must contain language substantially similar to the following:

#### NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank[r]. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

P.R. LBR 9013–1(c)(1).

Subsection (2) of the rule enumerates various motions and applications for which

---

7. When questioned at oral argument the Debtors' counsel initially indicated that the reconsideration motion was based on Rule 60(b). However, when asked to identify the particular subsection of Rule 60(b) which justified his request for relief, he stated (erroneously) that neither Rule 60(b) nor Rule 59(e) were applicable.

a different response time is applied from the "usual papers" under subsection (1). An opposition to an objection to claimed exemptions is not included among these and the 14–day period is the applicable one here. See P.R. LBR 9013–1(c)(2).

Local Rule 9013–1 "implements [Bankruptcy Rule] 9013 and the 'after notice and a hearing' concept established in [§ ] 102(1)(A) of the Bankruptcy Code, which affords an opportunity to be heard 'as is appropriate in the particular circumstances.'" In re MJS Las Croabas Props., Inc., 530 B.R. 25, 34 (Bankr. D.P.R. 2015) (quoting 11 U.S.C. § 102(1)(A)), aff'd, Castellanos Grp. Law Firm, L.L.C. v. F.D.I.C. (In re MJS Las Croabas Props., Inc.), 545 B.R. 401 (1st Cir. B.A.P. 2016).

The parties agree that the correct response period for the Debtors' objection to both the First Exemption Objection and the Second Exemption Objection was 14 days, even though the Trustee recited the wrong time period of 30 days. After the Debtors moved for reconsideration of the order sustaining the Trustee's First Exemption Objection on the basis of the Trustee's incorrect and longer response notice by which they complained they were misled, the bankruptcy court vacated the order as "improvidently entered." When the same notice defect occurred with the Trustee's second objection, however, the bankruptcy court denied the Debtors' reconsideration request. They urge the Panel to reverse, because the erroneous notice misled them and, although they did not file their opposition until after the 14–day period, they filed it well within the erroneously stated 30–day response period.

Although the bankruptcy court did not specifically explain its rationale in denying the Debtors' Second Reconsideration Motion as to this contention, it denied the motion "for the reasons stated in the Trustee's Opposition" to the Debtors' Second Reconsideration Motion. Challenging the Debtors' assertion, the Trustee conceded that once again she "inadvertently" provided the wrong response period, but argued that this time around the Debtors could not have been misled or confused where the docket entry for the Second Exemption Objection stated the correct 14–day response deadline and the Debtors' counsel received such notification through the CM/ECF system. She also emphasized that the Debtors were already on notice of the appropriate shorter deadline by virtue of the earlier proceedings relating to the First Exemption Objection and, in fact, had previously acknowledged the 14–day period as the correct deadline.

It is undisputed that although the Trustee attempted to comply with Local Rule 9013–1(c)'s notice provision, she failed to provide the correct response period. Local Rule 1001–1(f) sets forth the consequences for a party's failure to comply with the Local Rules:

**(f) Failure to Comply with Local Rules.** The court, *sua sponte* or on the motion of any interested party, *may* impose sanctions for failure to comply with these rules. Sanctions may include but are not limited to: the imposition of monetary sanctions; non-monetary sanctions; dismissal of the case or proceeding; striking of papers filed with the court; or denial of the relief sought, as the court in its discretion deems appropriate.

P.R. LBR 1001–1(f) (emphasis added).

While the bankruptcy court had discretion to deny the Trustee the relief requested and alter or vacate the Order Sustaining Second Exemption Objection, it declined to do so "for the reasons set forth in the Trustee's Opposition." One of those reasons was the Debtors' prior knowledge

of the applicable, shorter response period and the clear notice of a 14–day response time on the bankruptcy court's docket.[8] The bankruptcy court's adoption of this reasoning is supported by case law. See, e.g., In re Hartman, No. 08-41100-JDP, 2009 WL 4263503 (Bankr. D. Idaho Nov. 24, 2009) (citation omitted) (holding that a debtor's conduct is "culpable" if he has received actual or constructive notice of the trustee's objections to his claimed exemptions, yet failed to respond timely). The Debtors have simply not demonstrated that the bankruptcy court committed a manifest error of law and abused its discretion.

It also bears noting, as discussed earlier, that a motion for reconsideration is not a vehicle by which a party may attempt to overcome its own procedural failures and does not permit the Debtors to advance arguments they could have, or should have, presented to the bankruptcy court prior to the entry of the July 13 Order Denying Reconsideration.[9]

8.  P.R. LBR 9036–1(a)(2) provides, in relevant part:
    Filing users of CM/ECF consent to notice and service by electronic transmission upon registration as filing users. A Notice of Electronic Filing ("NEF") is automatically generated by CM/ECF and sent electronically to filing users. Service of the NEF constitutes notice and service pursuant to the Fed. R. Civ. P., Fed. R. Bankr. P., and these rules for all persons and entities that have consented to electronic service.
    P.R. LBR 9036–1(a)(2). Thus, as a CM/ECF user, the Debtors' counsel received notice of the bankruptcy court's docket entry.

9.  The Debtors did not argue below, and do not argue on appeal, that their failure to timely respond was a result of "excusable neglect," nor do they address the factors for "excusable neglect" set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). See, e.g., In re Becker, 393 B.R. 233, 239 (Bankr. D. Idaho 2008) (determining

## B. Timeliness of Trustee's Second Exemption Objection

The commencement of a bankruptcy case creates an estate comprised of property in which the debtor holds an interest. See 11 U.S.C. § 541. Section 522 allows debtors to exempt certain property from the bankruptcy estate that would otherwise be available for distribution to creditors; § 522(b) allows debtors to choose between the federal bankruptcy exemptions listed in § 522(d) and the exemptions provided by their state of residence, together with those provided by federal non-bankruptcy law. See 11 U.S.C. § 522. A debtor may amend the list of property claimed as exempt "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a).

Under § 522(l), a debtor's claimed exemptions are presumed valid in the absence of a timely objection. Bankruptcy Rule 4003(b)(1) governs the deadline within which a party in interest may object to a claim of exemption:

debtor's failure to respond to creditor's objection to her claimed exemption was the result of excusable neglect under Pioneer). In Pioneer, the Supreme Court held that a determination of excusable neglect is an equitable determination, which takes into account all relevant circumstances surrounding a party's omission, including: (1) danger of prejudice to the non-moving party; (2) the length of the delay; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. 507 U.S. at 395, 113 S.Ct. 1489. Under the circumstances presented here, it is highly unlikely that the Debtors would have prevailed under the excusable neglect test in light of their constructive notice of the appropriate response date and their prior acknowledgement of the correct, shorter response deadline. As the adage goes: "Fool me once, shame on you; fool me twice, shame on me."

[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed. R. Bankr. P. 4003(b)(1). Bankruptcy Rule 1019(2)(B), with some exceptions not applicable here, provides in relevant part that "[a] new time period for filing an objection to a claim of exemptions shall commence under [Bankruptcy] Rule 4003(b) after conversion of a case to chapter 7[.]" Fed. R. Bankr. P. 1019(2)(B).

■ "Strict adherence to the deadline, unless extended by the [bankruptcy c]ourt on a request made before expiration of that deadline, is critical. "If no timely objection to an unambiguously-described and duly-listed exemption is filed, the property claimed as exempt is *deemed* exempt, *regardless of whether the debtor had a colorable basis for claiming the exemption in the first place*." In re Vierstra, 490 B.R. 146, 149 (Bankr. D. Mass. 2013) (citing Taylor v. Freeland & Kronz, 503 U.S. 638, 642–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); Mercer v. Monzack, 53 F.3d 1, 3 (1st Cir. 1995) (distinguishing Taylor on other grounds)) (emphasis added).

■ In this case, the bankruptcy court converted the case from chapter 11 to chapter 7 on June 29, 2015 (after the filing of the First Amended Exemption Schedule), and a new time period for filing an objection to the Debtors' claimed exemptions commenced. See Fed. R. Bankr. P. 1019(2)(B). This new deadline was the later of 30 days after the conclusion of the post-conversion meeting of creditors (§ 341 meeting) or any amendments to the sched-

ules. See Fed. R. Bankr. P. 4003(b)(1). The Debtors filed the Second Amended Exemption Schedule on July 9, 2015, and the post-conversion meeting of creditors concluded on September 14, 2015. Consequently, the deadline for objections to these amended exemptions would have been October 14, 2015. The Debtors, however, filed their Third Amended Exemption Schedule on September 9, 2015, and the Fourth Amended Exemption Schedule on April 4, 2016.

In the Trustee's Opposition, she contended that under Bankruptcy Rule 4003(b)(1), each of the Debtors' amendments to their claimed exemptions started a new 30-day objection period for any exemptions listed in such Amended Exemption Schedules, regardless of whether or not a particular claimed exemption was actually added or modified by the amended schedule. Following this line of reasoning, she argued that the Second Exemption Objection filed on May 3, 2016 was timely, having been filed within 30 days of the filing of the Fourth Amended Exemption Schedule. The bankruptcy court adopted the Trustee's position when it denied the Debtors' Second Reconsideration Motion "for the reasons state[d] in the Chapter 7 Trustee's Opposition." The Debtors advanced a narrower approach, arguing that the bankruptcy court abused its discretion because an amendment starts a new objection period only for those specific exemptions that were added or amended. They contended that because the Fourth Amended Exemption Schedule only added a claimed homestead exemption with respect to the apartment and did not alter or affect the other exemptions which were listed in the prior Amended Exemption Schedules, any objection had to be limited to that specific exemption claim and the Trustee's Second Exemption Objection was untimely.

Neither the Supreme Court nor the First Circuit has addressed this precise issue, and courts are not in agreement. The majority of courts that have considered it have concluded that the filing of an amendment to the list of exemptions " 'does not reopen the time to object to original exemptions not affected by the amendment.' " In re Walker, 505 B.R. 217, 219 (Bankr. E.D. Tenn. 2014) (quoting In re Larson, No. 12-30913, 2013 WL 4525214, at *4 (Bankr. D.N.D., Aug. 27, 2013), and citing Bernard v. Coyne (In re Bernard), 40 F.3d 1028, 1032 (9th Cir. 1994); In re Kazi, 985 F.2d 318, 323 (7th Cir. 1993); Grueneich v. Doeling (In re Grueneich), 400 B.R. 680, 684 (8th Cir. B.A.P. 2009); In re Payton, 73 B.R. 31, 33 (Bankr. W.D. Tex. 1987); In re Gullickson, 39 B.R. 922, 923 (Bankr. W.D. Wis. 1984)); see also Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶ 4003.03[1][a] (16th ed. 2013). The rationale behind this conclusion is primarily the need for prompt action and finality in bankruptcy proceedings. See, e.g., In re Bernard, 40 F.3d at 1032; In re Kazi, 985 F.2d at 323; In re Grueneich, 400 B.R. at 684.

Other courts have adopted a literal reading of Bankruptcy Rule 4003(b)(1) and determined that a party in interest may object to *any* claimed exemption even if the challenged exemption was not itself the subject of an amendment. See, e.g., In re Woerner, 483 B.R. 106, 110 (Bankr. W.D. Tex. 2012); In re Allen, 454 B.R. 894, 896 (Bankr. S.D. Fla. 2011); In re Ronk, No. 05-42552-DML-7, 2006 WL 2385240, at *4 (Bankr. N.D. Tex. June 19, 2006). These courts look to the plain language of the Bankruptcy Rule which refers to a 30–day objection deadline to "any amendment to the list or supplemental schedules filed," opining that it is broad and does not limit what exemptions may be objected to after an amendment to Schedule C.

Some of these courts also find support, as the Trustee argued, in "the interdependence of exemption schemes," which they conclude logically opens the door for objections to any claimed exemptions within 30 days following an amendment to the exemption schedule. In re Woerner, 483 B.R. at 110. The rationale is that any exemption amendment may impact the other claimed but unaltered exemptions, and once an exemption scheme has been approved, any modification of the scheme could affect the rest of the exemptions previously claimed, particularly exemptions under claimed under § 522(d)(1) and § 522(d)(5) (the so-called "wild card" exemption).

But we need not, and should not, in this case decide the issue on its merits because of the limited standard of review we must apply to the bankruptcy court's denial of the Debtors' Second Reconsideration Motion. There is no controlling appellate decision on this issue, but as indicated above, there are lower court cases supporting the Trustee's position. Consequently, the bankruptcy court's adoption of the Trustee's position was not a "plain and indisputable" error "that amount[ed] to a complete disregard of the controlling law." Venegas–Hernandez, 370 F.3d at 195 (citation omitted) (internal quotations omitted). Simply stated, there was no manifest error of law.

Alternatively, the Debtors maintain that the Trustee's renewed objection to exemption of the DIP Accounts was precluded by the earlier final order of the bankruptcy court overruling the Trustee's First Exemption Objection, which order was not appealed. In the Trustee's Opposition, relying on the cases applying a literal construction of Bankruptcy Rule 4003(b)(1), she countered that this prior ruling applied only to the First Exemption Objection and became moot upon the Debtors' subse-

quent amendments to Schedule C. Once again, under our limited review standard here, the bankruptcy court's ruling did not constitute a manifest error of law and there was no abuse of discretion in denying reconsideration on this ground.

### C. Objection to Exemption of DIP Accounts

Lastly, the Debtors seek reversal of the bankruptcy court's denial of their Second Reconsideration Motion on the basis that they are permitted to exempt the funds in the DIP Accounts and the Trustee's contrary position is wrong as a matter of law. According to the Debtors, post-petition earnings in the DIP Accounts are property of their chapter 7 estate which they are entitled to claim as exempt under the wild card exemption of § 522(d)(5). They raise this issue for the first time on appeal, having failed to squarely present this argument in Debtors' Second Reconsideration Motion. It is axiomatic that issues not raised below cannot be raised on appeal and such arguments are deemed waived.[10] Benoit v. Deutsche Bank Nat'l Trust Co. (In re Benoit), 564 B.R. 799, 805–06 (1st Cir. B.A.P. 2017) (stating that failure to raise argument in proceedings below constitutes waiver of the argument on appeal) (citation omitted); see also Above–All Transp., Inc. v. Fraher (In re Fraher), No. MB 16-026, 2017 WL 715059, at *4 (1st Cir. B.A.P. Feb.21, 2017) ("Absent extraordinary circumstances, it is apodictic that legal theories not squarely addressed and litigated below cannot be raised for the first time on appeal.") (citations omitted).

10. Although the Debtors asserted this substantive argument in their first motion for reconsideration of the order sustaining the Trustee's First Exemption Objection, they did not raise it as a basis on which the bankrupt-

### CONCLUSION

In short, the Debtors did not demonstrate that the bankruptcy court abused its discretion in denying Debtors' Second Reconsideration Motion. The July 13 Order Denying Reconsideration is **AFFIRMED**.

cy court should reconsider the Order Sustaining Trustee's Second Exemption Objection. Therefore, it was not before the bankruptcy court at the relevant time in the proceedings.