**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1673

ROBERT GIANCOLA,

Plaintiff, Appellant,

v.

JOHNSONDIVERSEY, a/k/a
JOHNSON WAX PROFESSIONAL, ET AL.,

Defendants, Appellees,

——————————————————

JOSE RIBEIRO, d/b/a RIBEIRO'S CLEANING SERVICE,

Third-Party Defendant, Appellee.

——————————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

——————————————————

Before

Boudin, Chief Judge,
Campbell and Stahl, Senior Circuit Judges.

——————————————————

Kevin MacMurray on brief for appellant Robert Giancola.
Lee Stephen MacPhee, Philip M. Hirshberg and Morrison
Mahoney on brief for appellee JohnsonDiversey.
Barry M. Ryan and Doherty Wallace Pillsbury and Murphy on
brief for appellee Chemstar Corporation.
Kevin M. Carroll and Eric A. Nissen on brief for third-party
appellee Jose Ribeiro.

——————————————————

December 1, 2005

——————————————————

**Per curiam**.  This is an appeal from the district court's dismissal of this product liability case as a sanction for plaintiff's repeated failure to show up at his scheduled depositions and to produce relevant documents requested by the defense, despite warnings and, ultimately, a court order requiring him to do so.  Essentially for the reasons stated by the district court in its thorough and well-reasoned 19-page decision, we affirm both the dismissal and the subsequent denial of plaintiff's motion for reconsideration.

### DISCUSSION

We previously reserved judgment on the threshold question, flagged by the clerk's office in an order to show cause, of whether plaintiff's appeal from the judgment was timely.  In the interests of judicial economy, we now by-pass that potentially thorny issue to reach the relatively easy merits of this appeal.  See Rivera-Martinez v. Ashcroft, 389 F.3d 207, 209 (1st Cir. 2004), cert. denied, 125 S. Ct. 2963 (2005).

This court's review of discovery sanctions, including the choice of sanctions, is highly deferential.  See, e.g., Sheppard v. River Valley Fitness One, L.P., 428 f.3d 1, 6 (1st Cir. 2005).  Where, as here, the district court's thorough and well-reasoned decision demonstrates that it applied the appropriate factors and weighed them appropriately, no abuse of discretion can be found.  Id.

-2-

On appeal, plaintiff does not contest the factual findings made by the district court or its conclusion that sanctions were appropriate. Rather, he focuses on the district court's choice of dismissal as the appropriate sanction. Specifically, he argues that dismissal was excessive because plaintiff's "failure to comply [with his discovery obligations] was a product of the degenerating relationship with his attorney[,] [c]ompounded by the District Court's order perpetuating this relationship despite the obvious breakdown." That argument is unavailing for several reasons.

First, as a general matter, dismissal is an appropriate sanction for discovery violations where, as here, the district court had previously warned plaintiff that dismissal was a possible sanction, HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1988), and plaintiff's noncompliance was not "a single isolated mishap," id. (quotation marks and citation omitted). Second, plaintiff's attempt to blame his misconduct on his former attorney is inapt. See Link v. Wabash R.R. Co., 370 U.S. 626, 634 n.10 (1962); Georcely v. Ashcroft, 375 F.3d 45, 50 (1st Cir. 2004). And, third, because plaintiff did not appeal from the order requiring his counsel to remain for the duration of discovery, he cannot be heard to complain about that order.

The denial of plaintiff's motion for reconsideration is also affirmed for the same reasons. In addition, to the extent that the motion for reconsideration was premised largely on challenges to the district court's factual findings, which are not pressed in plaintiff's appellate brief, those challenges are deemed abandoned. United States v. Romain, 393 F.3d 63, 68 (1st Cir. 2004), cert. denied, 125 S. Ct. 2924 (2005).

Accordingly, the district court's judgment of dismissal and denial of plaintiff's motion for reconsideration are affirmed. See Local R. 27(c).