**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1805**

MICHAEL FIELD, JR.,

       Plaintiff – Appellant,

    v.

MICHAEL BERMAN; WAYNE LEE; FRED MALEK; JOHN MORITZ; THOMAS
A. WOODLEY; THOMAS J. WOODLEY,

       Defendants – Appellees,

    and

ERIC JOWETT; SUSAN MCFARLANE, personal representative of
the estate of Willis McFarlane, deceased; JAMES WILKINSON,

       Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:12-cv-00130-CMH-TCB)

Argued:  March 21, 2013          Decided:  June 3, 2013

Before GREGORY and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** William Ryan Snow, CRENSHAW, WARE & MARTIN, PLC,
Norfolk, Virginia, for Appellant.  Jeffrey Warren Harab, Chevy
Chase, Maryland, for Appellees.  **ON BRIEF:** Alyssa Carducci

Embree, CRENSHAW, WARE & MARTIN, PLC, Norfolk, Virginia, for
Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Michael Field, Jr. (Field) appeals from the district court's dismissal of his complaint in the present civil action seeking declaratory and injunctive relief. We affirm.

I.

Count I of Field's complaint in the present civil action seeks a declaration that, pursuant to a March 28, 2005 order of sale entered by the United States Bankruptcy Court for the Eastern District of Virginia in In re: AutoMall Online, Inc., Case No. 05-10036 (the Bankruptcy Court's Order of Sale), he purchased and exclusively owns all claims that were or could have been at issue in the case captioned Baker v. Field, CL05001284; CH04001230, filed and adjudicated in the Circuit Court for the City of Alexandria, Virginia (the Virginia State Court Case), and were reduced to the final judgment entered in such case on March 17, 2006, in the amount of $1,432,581.00 (the Money Judgment).

Count II of Field's complaint seeks a declaration that all efforts by Appellees Michael Berman, Wayne Lee, Fred Malek, John Moritz, Thomas A. Woodley, and Thomas J. Woodley (Appellees), and any of their respective successors or assigns, "to enforce any judgment obtained on any of the claims at issue in the

[Virginia] State Court Case are void and of no effect." (J.A. 18).

Count III of Field's complaint seeks to enjoin Appellees from engaging in any action to enforce the Money Judgment.

Count IV seeks a declaration that the acts of Appellees in obtaining dismissal in the Virginia State Court Case of Field and codefendant Field Auto City, Inc.'s counterclaims for breach of fiduciary duty, theft of trade secrets, unjust enrichment, and forgery, as alleged in Field and Field Auto City, Inc.'s pleading filed on February 5, 2005 (the Counterclaims), are void and of no effect.

Count V seeks a declaration that the acts of Appellees in obtaining dismissal of the Counterclaims and in settling derivative claims on behalf of AutoMall Online, Inc. against Allen Outlaw, another codefendant in the Virginia State Court Case, violated the automatic stay in In re: AutoMall Online, Inc., Case No. 05-10036.

Count VI alternatively seeks a declaration that, under Virginia law, Appellees' settlement with Allen Outlaw reduces the Money Judgment to zero.

On Appellees' motion, the district court dismissed all counts in Field's complaint in the present action for lack of subject matter jurisdiction based upon its application of the

Rooker-Feldman doctrine.[1]  Fed. R. Civ. Proc. 12(b)(1).  In the alternative, the district court dismissed Counts I through V for failure to state a claim upon which relief can be granted based upon the doctrine of res judicata.  Fed. R. Civ. P. 12(b)(6).  Field noted this timely appeal in which he challenges the district court's dismissal of all counts.

For reasons that follow, we affirm the dismissal of Counts I, IV, and V pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the dismissal of Counts II and III pursuant to Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)), and the dismissal of Count VI pursuant to 28 U.S.C. § 1367(c)(3).

II.

We review the Rule 12(b)(6) dismissal of a claim in a complaint for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), de novo, "focus[ing] only on the legal sufficiency of the complaint," Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008), and "accepting as true the well-pled facts in the complaint and viewing them in the light

---

[1] The doctrine derives its name from the following two Supreme Court cases:  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

most favorable to the plaintiff," Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011). In addition to considering the complaint itself, we must consider any documents attached to the complaint as exhibits, Fed. R. Civ. P. 10(c), "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007). That is to say, the factual allegations must "be enough to raise a right to relief above the speculative level," id. at 555, "permit[ting] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Based upon our de novo review, we affirm the dismissal of Counts I, IV, and V pursuant to Rule 12(b)(6).

A. Counts I and IV.

The district court properly concluded that, at the Rule 12(b)(6) stage, the doctrine of res judicata precludes Counts I and IV. Title 28, United States Code, § 1738, commonly known in jurisprudence as the full faith and credit statute, "requires federal courts to give the same preclusive effect to state court

judgments that those judgments would be given in the court of the State from which the judgments emerged." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982); accord Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Genesys Data Techs., Inc. v. Genesys Pacific Techs., Inc., 204 F.3d 124, 127 (4th Cir. 2000). Therefore, the full faith and credit statute "does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." Kremer, 456 U.S. at 481-82.

1. Count I.

Count I of Field's complaint in the present action seeks a declaration that, pursuant to the Bankruptcy Court's Order of Sale, he purchased and exclusively owns all claims that were or could have been at issue in the Virginia State Court Case, including the one resulting in the Money Judgment. In this count, Field in effect seeks a declaration that he—not the Appellees—owns the Money Judgment. Critical to our review of Count I's Rule 12(b)(6) dismissal is Exhibit 14 to Field's complaint in the present action. Exhibit 14 is a court order entitled "ORDER VACATING RELEASE OF JUDGMENT AND REINSTATING JUDGMENT," entered in the Virginia State Court Case on September 28, 2011, in which the court squarely decides that Field was not

- 7 -

the holder of the underlying claim reduced to the Money Judgment and is not the owner of such judgment. (J.A. 145).

Under applicable Virginia rules of res judicata, "relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies" is precluded. Davis v. Mashall Homes, Inc., 576 S.E.2d 504, 506 (Va. 2003) (internal quotation marks omitted). In Count I, Field seeks to re-litigate his claim of ownership of the claim underlying the Money Judgment and his claim of ownership of the Money Judgment itself. The doctrine of res judicata under Virginia law prevents such re-litigation, and therefore, Count I does not contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Moreover, we reject Field's contention that the district court erred in dismissing Count I based upon the doctrine of res judicata without the defense of res judicata appearing on the face of his complaint and without permitting him to conduct discovery or present evidence to address the defense. As we have explained, the facts implicating the defense of res judicata appear on the face of Field's complaint and Exhibit 14 to such complaint. Accordingly, the district court properly addressed the defense at the Rule 12(b)(6) stage.

For the reasons stated, we hold the district court properly dismissed Count I pursuant to Rule 12(b)(6), and we affirm on this basis.[2]

2.   Count IV.

Count IV asks the district court to declare that the acts of Appellees in seeking and obtaining dismissal of the Counterclaims for lack of standing are void and of no effect in light of the Bankruptcy Court's Order of Sale.  The doctrine of res judicata under Virginia law precludes this count as well.

Exhibit 9 to Field's complaint in the present action is an order in the Virginia State Court Case in which the Virginia state court dismissed the Counterclaims for lack of standing on Appellees' motion to dismiss.  When this exhibit is considered in conjunction with Exhibits 4 and 8 to Field's complaint in the present action, the undeniable conclusion is that the Virginia state court did not dismiss the Counterclaims for lack of standing in the sense that Field now claims.  Exhibit 8 shows that Appellees had argued that because the Counterclaims alleged injury to AutoMall Online, Inc. and not to Field or Field Auto City, Inc. individually, Field and Field Auto City, Inc. could not maintain them individually as direct claims, which Exhibit 4

_____

[2] Given this disposition, we need not and do not reach the district court's alternative basis for dismissing Count I under the Rooker-Feldman doctrine.

to Field's complaint in the present action shows is how Field and Field Auto City, Inc. had pled them. Moreover, Field failed to mount an appellate challenge to the dismissal of the Counterclaims when he had the opportunity to do so. In sum, Count IV of Field's complaint in the present action does nothing more than seek to re-litigate the Virginia state court's dismissal of the Counterclaims. Considering the face of the complaint in the present action and its attached exhibits, applicable Virginia rules of res judicata preclude such action. Davis, 576 S.E.2d at 506.

Moreover, we reject Field's contention that the district court erred in dismissing Count IV based upon the doctrine of res judicata without the defense of res judicata appearing on the face of his complaint and without permitting him to conduct discovery or present evidence to address the defense. As we have explained, the facts implicating the defense of res judicata appear on the face of Field's complaint and Exhibits 4, 8, and 9 to such complaint. Accordingly, the district court properly addressed the defense at the Rule 12(b)(6) stage.

For the reasons stated, we hold the district court properly dismissed Count IV pursuant to Rule 12(b)(6), and we affirm on this basis.[3]

B.    Count V.

The portion of Count V seeking a declaration that the acts of Appellees in obtaining dismissal of the Counterclaims violated the automatic stay in In re: AutoMall Online, Inc., Case No. 05-10036, fails to state a claim upon which relief can be granted, and therefore, Rule 12(b)(6) required its dismissal. Thorough review of the complaint and the exhibits attached thereto show, on their face, that Appellees' actions in seeking dismissal of the Counterclaims did not violate the automatic stay in In re: AutoMall Online, Inc., Case No. 05-10036. Accordingly, we affirm the Rule 12(b)(6) dismissal of the portion of Count V seeking a declaration that the acts of Appellees in obtaining dismissal of the Counterclaims violated the automatic stay in In re: AutoMall Online, Inc., Case No. 05-10036.

The portion of Count V, in which Field seeks a declaration that settlement of their derivative claims on behalf of AutoMall Online, Inc. against Allen Outlaw violated the automatic stay,

_____

[3] Given this disposition, we need not and do not reach the district court's alternative basis for dismissing Count IV under the Rooker-Feldman doctrine.

- 11 -

also fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The actions taken by Appellees in settling (or purporting to settle) derivative claims on behalf of AutoMall Online, Inc. against Allen Outlaw took place prior to AutoMall Online, Inc. filing for bankruptcy and any actions taken after that time relating to settling with Allen Outlaw took place after Field had purchased the derivative claims in bankruptcy from the bankruptcy estate, thus making such claims no longer subject to the automatic stay. See 11 U.S.C. § 362(c)(1) ("the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate . . ."). Accordingly, we affirm the Rule 12(b)(6) dismissal of the portion of Count V in which Field seeks a declaration that settlement of their derivative claims on behalf of AutoMall Online, Inc. against Allen Outlaw violated the automatic stay.[4]

## III.

We review the Rule 12(b)(1) dismissal of a claim in a complaint for lack of subject matter jurisdiction de novo.

---

[4] Having affirmed the district court's Rule 12(b)(6) dismissal of Count V, we need not and do not reach the district court's alternative basis for dismissing Count V under the Rooker-Feldman doctrine.

- 12 -

*Pitt Cnty. v. Hotels.com, L.P.*, 553 F.3d 308, 311 (4th Cir. 2009). Any claim barred by the Rooker-Feldman doctrine is "properly dismissed for want of subject-matter jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The Rooker-Feldman doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. Notably, in the context of the Rooker-Feldman doctrine, the term "state-court judgments" is used in its broadest sense to include all final decisions of state judicial proceedings. See *Feldman*, 460 U.S. at 482 ("the form of the proceeding is not significant"; rather, "[i]t is the nature and effect which is controlling") (internal quotation marks omitted); *Doe v. Florida Bar*, 630 F.3d 1336, 1340-41 (11th Cir. 2011) (Rooker-Feldman doctrine barred federal court action asserting as-applied due process challenge to Florida bar rules requiring confidential peer review as part of process for recertification as specialist with Florida state bar; plaintiff had appealed through available state channels provided by state bar rules, arguing due process challenge on the merits along the way, and Florida Supreme Court issued brief order denying petition for review).

Based upon our de novo review, we affirm the district court's Rule 12(b)(1) dismissal of Counts II and III for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. Without a doubt, the district court could not have adjudicated Counts II and III in the present action without also reviewing the propriety of the Supreme Court of Virginia's denial of Field's petition for review of the final judgment entered against him in the Virginia State Court Case on March 17, 2006, and reviewing the Supreme Court of Virginia's denial of Field's motion to vacate such judgment. Thus, Field's position on appeal that he does not seek to overturn any final decision of a state court in Counts II and III; but rather only seeks a declaration that he owns the final judgment entered in the Virginia State Court Case on March 17, 2006, is spurious.

Furthermore, we reject Field's contention that the district court erred in dismissing Counts II and III based upon the Rooker-Feldman doctrine without, as he alleges, the applicability of Rooker-Feldman appearing on the face of his complaint and without permitting him to conduct discovery or present evidence at an evidentiary hearing. The district court properly resolved the jurisdictional issues on the extensive record before it, which included, inter alia, Field's complaint, fourteen exhibits attached thereto, and other relevant documents from the parties' long litigation history. Field has made no

showing that he was prejudiced by his inability to conduct discovery or have an evidentiary hearing before the district court dismissed Counts II and III. Accordingly, the district court properly addressed the applicability of the Rooker-Feldman doctrine at the Rule 12(b)(1) stage.

For the reasons stated, we affirm the district court's Rule 12(b)(1) dismissal of Counts II and III for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.[5]

IV.

Because Count VI alleges a state law claim and all of the claims over which the district court had original jurisdiction were properly dismissed, we affirm dismissal of Count VI on the basis of 28 U.S.C. § 1367(c)(3). See id. (district court may decline to exercise supplemental jurisdiction over state law claim when district court has dismissed all other claims over which it had original jurisdiction).

---

[5] Having affirmed the district court's Rule 12(b)(1) dismissal of Counts II and III, we need not and do not reach the district court's alternative basis for dismissing these counts based upon the doctrine of res judicata.

- 15 -

V.

In conclusion, we affirm the district court's dismissal of all counts in the present action <u>in toto</u>.

<u>AFFIRMED</u>
