NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

————————————————

**BAP NO. EP 20-016**

————————————————

**Bankruptcy Case No. 19-20092-MAF**
**Adversary Proceeding No. 19-02014-MAF**

————————————————

**JUSTIN WADE BURGESS,**
**Debtor.**

————————————————

**JUSTIN W. BURGESS,**
**Plaintiff-Appellant,**

**v.**

**JPMORGAN CHASE BANK, N.A.,**
**Defendant-Appellee.**

————————————————

**Appeal from the United States Bankruptcy Court**
**for the District of Maine**
**(Michael A. Fagone, U.S. Bankruptcy Judge)**

————————————————

**Before**
**Godoy, Lamoutte, and Finkle,**
**United States Bankruptcy Appellate Panel Judges.**

————————————————

**Justin Wade Burgess, Pro Se, on brief for Plaintiff-Appellant.**
**William J. Hanlon, Esq., on brief for Defendant-Appellee.**

————————————————

**May 21, 2021**

————————————————

**Finkle, U.S. Bankruptcy Appellate Panel Judge.**

Justin Wade Burgess (the "Debtor") commenced an adversary proceeding against

JPMorgan Chase Bank, N.A ("Chase") seeking an order vacating a state court foreclosure

judgment entered against him, monetary damages, and injunctive relief. After a hearing, the

bankruptcy court dismissed the complaint for, among other reasons, lack of subject matter

jurisdiction under the Rooker-Feldman doctrine. It also denied the Debtor's motion for

reconsideration and/or leave to amend the complaint. The Debtor then appealed the order

denying reconsideration. For the reasons discussed below, we **AFFIRM**.

## BACKGROUND

### I.     Pre-Bankruptcy Events

In 2010, the Debtor executed a mortgage (the "Mortgage") on real property located in

Otisfield, Maine (the "Property") to secure a promissory note in the amount of $122,448 (the

"Note"). In 2012, Mortgage Electronic Registration Services, Inc., as nominee for the mortgagee

("MERS"), assigned the Mortgage to Chase.

The Debtor subsequently defaulted on his obligations under the Note and Chase

commenced foreclosure proceedings in state court. After a trial in 2018, which the Debtor failed

to attend, the state court ruled from the bench that Chase had "met its burden of proof,

demonstrated ownership [of the Note], possession of the known [M]ortgage, right to enforce

default . . . , non-payment, [and] proper notice to cure . . . ." It then entered a foreclosure

judgment in favor of Chase in the amount of $164,963.27 (the "Foreclosure Judgment").

The Debtor moved in the state court to vacate the Foreclosure Judgment, alleging it was

void because: (1) he did not receive notice of the trial date; (2) Chase had not produced the

2

"genuine" Note and Mortgage evidencing its right to foreclose; and (3) the assignment of the Mortgage to Chase was fraudulent because MERS was not authorized to transact business in Maine at that time. The state court denied the motion. The Debtor did not appeal the Foreclosure Judgment or the denial of the motion to vacate it, and the Foreclosure Judgment became final.

## II.     Bankruptcy Proceedings

### A.     The Bankruptcy Filing

The Debtor filed a chapter 13 petition in March 2019. On his schedules he listed the Property, which he valued at $20,000. He also listed Chase with a $180,000 claim secured by the Property. In May 2019, Chase filed a proof of secured claim in the amount of $174,073.48.

The Debtor's bankruptcy case was converted to chapter 7 in August 2019, and the Debtor received his discharge in January 2020. In April 2020, the chapter 7 trustee issued a Report of No Distribution in which he also stated that he was abandoning all the bankruptcy estate's assets.

### B.     The Adversary Proceeding

#### 1.     The Complaint

In December 2019, the Debtor commenced an adversary proceeding against Chase. In addition to general assertions of fraud relating to the foreclosure proceedings, the Debtor challenged the validity of the Foreclosure Judgment, alleging: (1) he never received notice of the trial in the foreclosure action in violation of his due process rights; (2) the evidence introduced at trial was not authenticated by a real party in interest with firsthand knowledge of his loan; (3) Chase failed to produce the "genuine" Note and Mortgage evidencing its right to foreclose; and (4) MERS lacked standing to assign the Mortgage to Chase as it was not authorized to do

3

business in Maine at that time.[1]  In his prayer for relief, the Debtor asked the bankruptcy court to: (1) vacate the Foreclosure Judgment; (2) compel Chase to produce the "genuine" Note and Mortgage; (3) issue an injunction staying "further collection efforts" by Chase; and (4) award him damages in excess of $2 million.

### 2.      Chase's Motion to Dismiss

Chase filed a motion to dismiss the complaint under Rules 12(b)(1), 12(b)(6) and 9(b)[2] (the "Motion to Dismiss") on the grounds that: (1) the bankruptcy court lacked subject matter jurisdiction under the Rooker-Feldman doctrine; (2) the complaint failed to state a claim for which relief could be granted as the Debtor's claims were barred by the doctrine of res judicata; and (3) the complaint failed to plead allegations of fraud with particularity.  First, Chase argued the bankruptcy court lacked subject matter jurisdiction because the state court had entered a final judgment in the foreclosure action, in which it held that Chase had "demonstrated ownership" of the Note and "possession" of the Mortgage.  Granting the relief sought by the Debtor, Chase maintained, would require the bankruptcy court to "undo" the state court's decision, which is expressly prohibited by the Rooker-Feldman doctrine.  Second, it asserted that the Debtor's complaint failed to state a claim upon which relief could be granted as the Debtor was attempting to relitigate issues determined by a final judgment in the state court about Chase's possession

---

[1]  The Debtor also asserted that, through the filing of certain documents in the registry of deeds and a series of notices sent to Chase pre-petition, he obtained an "administrative declaratory judgment" against Chase on December 3, 2019, and Chase had agreed, by its silence, that the Debtor owed it no debt and the Mortgage was discharged.  He did not provide any legal authority establishing this procedure or demonstrating the "administrative declaratory judgment" had any legal effect under Maine law or otherwise.

[2]  All references to "Rule" are to the Federal Rules of Civil Procedure and all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

of the Note and Mortgage and standing to foreclose, an attempt precluded by the res judicata doctrine. And third, Chase contended that although the Debtor frequently used the term "fraud" throughout his complaint, he failed to allege specifically the conduct of Chase that was fraudulent, as Rule 9(b) requires.

The Debtor objected to the Motion to Dismiss arguing that: (1) the state court's Foreclosure Judgment was fraudulent and void; (2) Chase failed to prove its ownership of the Mortgage and Note in state court and therefore lacked standing as a creditor in the bankruptcy case; and (3) the Rooker-Feldman and res judicata doctrines did not bar the claims raised in the adversary proceeding because they were distinct from the Foreclosure Judgment. Chase countered that under chapter 7, the Debtor lacked standing to bring his unscheduled pre-petition claims against Chase challenging the validity of the Mortgage.

### 3. The Dismissal Order

After a hearing, the bankruptcy court granted the Motion to Dismiss and dismissed the complaint "with prejudice" (the "Dismissal Order"). The court ruled that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine and, even if it had jurisdiction, the Debtor's challenges to the Foreclosure Judgment were barred by: (1) the res judicata doctrine; (2) his lack of standing to bring unscheduled pre-petition claims for money damages and injunctive relief; and (3) his failure to plead allegations of fraud with particularity.

### C. Reconsideration Motion

The Debtor filed a motion seeking reconsideration of the Dismissal Order under Rule 60(b)(3) and (6), or alternatively, to amend the complaint under Bankruptcy Rule 7015 (the "Reconsideration Motion"). He essentially raised four grounds for the requested relief: (1) the Foreclosure Judgment was fraudulent and void; (2) Chase failed to prove its ownership of the

5

Mortgage and Note in the foreclosure action and therefore lacked standing as a creditor in the bankruptcy case; (3) the <u>Rooker-Feldman</u> and res judicata doctrines did not bar his claims because the Foreclosure Judgment was obtained by fraud; and (4) he was entitled to amend his complaint under Bankruptcy Rule 7015 to better represent and defend his requested relief. The Debtor did not, however, specify what actions of Chase constituted fraud or explain how the Foreclosure Judgment was "obtained by fraud." Nor did he challenge the bankruptcy court's ruling that he lacked standing to bring his unscheduled pre-petition claims for money damages and injunctive relief against Chase.

Chase objected, arguing that the Debtor had failed to meet the rigorous standard for reconsideration. It also contended that because the bankruptcy court was divested of jurisdiction under the <u>Rooker-Feldman</u> doctrine, granting leave to amend the complaint would be futile.

### D.  Order Denying Reconsideration

The bankruptcy court entered an order denying the Reconsideration Motion (the "Order Denying Reconsideration"), determining that the Debtor failed to meet the elevated standard for relief under Rule 60(b) and was simply rehashing arguments he made in opposition to the Motion to Dismiss.[3] As to the Debtor's alternate request for leave to amend the complaint, the court ruled that it had already dismissed the complaint with prejudice and "the request [wa]s a day late and (at least) a dollar short."

### III.  The Appeal

The Debtor timely filed a notice of appeal only of the Order Denying Reconsideration. He did not identify the underlying Dismissal Order in his notice of appeal or brief any issues

---

[3] The court entered the order without a hearing, explaining that "the deliberative process would not be aided by the conduct of a hearing" and "the parties should not have to incur the effort and expense of attending a hearing on a motion that should be summarily denied."

6

relating to that order. In fact, his brief referenced that his appeal was of the Order

Denying Reconsideration. Accordingly, this appeal is limited to the Order Denying

Reconsideration. See Nieves Guzmán v. Wiscovitch Rentas (In re Nieves Guzmán), 567 B.R.

854, 861 (B.A.P. 1st Cir. 2017) (stating that appeal from order denying reconsideration does not

include the underlying judgment unless it is clear the appellant intended to appeal both orders)

(citations omitted).

## APPELLATE JURISDICTION

We have jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C.

§ 158(a), (c); see also Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 587 (2020);

Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015). "[A]n order denying reconsideration

is final if the underlying order is final and together the orders end the litigation on the merits."

Garcia Matos v. Oliveras Rivera (In re Garcia Matos), 478 B.R. 506, 511 (B.A.P. 1st Cir. 2012)

(citations omitted). The Dismissal Order is a final order. See Gonsalves v. Belice (In re Belice),

480 B.R. 199, 203 (B.A.P. 1st Cir. 2012) (stating that an order dismissing a complaint is a final

order) (citation omitted). Thus, the Order Denying Reconsideration is also a final order, and we

have jurisdiction to consider this appeal.[4]

## STANDARD OF REVIEW

We review the Order Denying Reconsideration for "manifest abuse of discretion."

Rodriguez Rodriguez v. Banco Popular de P.R. (In re Rodriguez Rodriguez), 516 B.R. 177,

---

[4] While we may question the chapter 7 debtor's standing to bring this appeal, the First Circuit authorizes us to bypass difficult jurisdictional issues where, as here, the merits are straightforward. See Giancola v. Johnsondiversey, 157 F. App'x 320, 321 (1st Cir. 2005) ("In the interests of judicial economy, we now by-pass [sic] that potentially thorny [jurisdictional] issue to reach the relatively easy merits of this appeal.") (citing Rivera-Martinez v. Ashcroft, 389 F.3d 207, 209 n.7 (1st Cir. 2004)). Thus, we proceed to a discussion of the merits.

183 (B.A.P. 1st Cir. 2014) (citations omitted). "The abuse of discretion standard is quite deferential[.]" Berliner v. Pappalardo (In re Sullivan), 674 F.3d 65, 68 (1st Cir. 2012) (citation omitted). We will set aside a bankruptcy court's discretionary ruling only if it appears the court "ignored a factor deserving significant weight, relied upon an improper factor, or evaluated all the proper factors (and no improper ones), but made a serious mistake in weighing them." Id. (quoting Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 292-93 (1st Cir. 2001)).

## DISCUSSION

### I. The Bankruptcy Court Did Not Abuse its Discretion in Denying the Reconsideration Motion Under Rule 60(b)

#### A. Rule 60(b): Generally

The Debtor moved for reconsideration under Rule 60(b)(3) and (6), which are applicable to adversary proceedings under Bankruptcy Rule 9024. "Motions brought under Rule 60(b) are committed to the trial court's discretion, and the denial of a Rule 60(b) motion should be reviewed for abuse of discretion with 'the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly.'" Kristan v. Turner (In re Kristan), 395 B.R. 500, 507 (B.A.P. 1st Cir. 2008) (quoting E. Sav. Bank fsb v. LaFata (In re LaFata), 344 B.R. 715, 723 (B.A.P. 1st Cir. 2006), aff'd, 483 F.3d 13 (1st Cir. 2007)) (other citation omitted). Upon review, we conclude that the bankruptcy court did not abuse its discretion in denying the Reconsideration Motion.

#### B. Rule 60(b)(3): Fraud, Misrepresentation or Other Misconduct

Under Rule 60(b)(3), the bankruptcy court may relieve a party from a final judgment where an adversary has used "fraud . . . , misrepresentation, or misconduct" to obtain the judgment. Fed. R. Civ. P. 60(b)(3); see also Karak v. Bursaw Oil Corp., 288 F.3d 15, 20

8

(1st Cir. 2002). To obtain relief from a final order under Rule 60(b)(3), the First Circuit requires the moving party to demonstrate: (1) by "clear and convincing evidence" that the adverse party engaged in fraud, misrepresentation, or other misconduct that resulted in the entry of the order; and (2) that the asserted misconduct prevented the moving party from "full and fair preparation or presentation of [its] case." Karak, 288 F.3d at 21 (citation omitted).

In the Reconsideration Motion, not only were the Debtor's accusations of fraud unclear, they seemed to focus on some purported fraud or misconduct by Chase in connection with the foreclosure action, rather than in the bankruptcy adversary proceeding. Accordingly, the Debtor failed to meet his burden to show by clear and convincing evidence that Chase engaged in fraudulent conduct *that resulted in the entry of the Dismissal Order*. Further, nowhere does the Debtor argue, or the record suggest, that Chase's alleged misconduct in the foreclosure action prevented him from fully presenting his opposition to the Motion to Dismiss in the adversary proceeding. There is no abuse of discretion by the bankruptcy court in denying the Reconsideration Motion under Rule 60(b)(3).

### C.     Rule 60(b)(6): Any Other Reason That Justifies Relief

Nor did the bankruptcy court abuse its discretion in denying the Reconsideration Motion under Rule 60(b)(6). That rule provides relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "This is the 'catch-all' provision, 'appropriate only when none of the first five sections pertain.'" Ross v. Garcia (In re Garcia), 532 B.R. 173, 181-82 (B.A.P. 1st Cir. 2015) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 891 n.9 (1st Cir. 1997)). "A movant pursuing a Rule 60(b)(6) claim 'faces formidable hurdles.'" Id. at 182 (quoting Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997)). "To balance the 'competing policies' of finality of judgments and resolving litigation on the merits, courts considering motions under Rule

9

60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring . . . success at trial, and (4) the likelihood of unfair prejudice to the opposing party." Asociación de Titulares de Condominio Castillo v. DiMarco (In re Asociación de Titulares de Condominio Castillo), 581 B.R. 346, 356 (B.A.P. 1st Cir. 2018) (quoting Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 43 (1st Cir. 2015)). There is, however, "no ironclad rule requiring an in-depth, multi-factored analysis in every case. Sometimes one factor predominates to such an extent that it inexorably dictates the result." Bouret-Echevarría, 784 F.3d at 43 (quoting Ungar v. Palestine Liberation Org., 599 F.3d 79, 86 (1st Cir. 2010)).

### 1. No Exceptional Circumstances

In his Reconsideration Motion, the Debtor failed to show or argue that there were "exceptional circumstances" justifying extraordinary relief. Instead, he simply rehashed his due process and standing contentions—arguments previously presented to and rejected by both the state court and the bankruptcy court. See Cruz-Berrios v. Borrero, No. 14-1232 (ADC), 2020 WL 5820955, at *3 (D.P.R. Sept. 30, 2020) ("Rule 60[b] . . . cannot be used as a vehicle to rehash matters previously litigated and decided by the Court.") (citations omitted). Such repetition of rejected arguments fails to satisfy the Debtor's burden to demonstrate that the bankruptcy court abused its discretion in denying the Reconsideration Motion under Rule 60(b)(6). See Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC, 832 F.3d 50, 63-64 (1st Cir. 2016) (highlighting that movants were simply rehashing arguments previously made and "that observation alone provided valid grounds for the [lower] court to deny extraordinary relief under Rule 60(b)") (citation omitted).

## 2. No Manifest Error of Law

A court may also "invoke Rule 60(b)(6) to cure a manifest error of law if the error constitutes a 'reason that justifies relief' not covered by any other subsection of the rule." In re Asociación de Titulares de Condominio Castillo, 581 B.R. at 356 (citation omitted). Here, the Debtor has not shown that the bankruptcy court's determination that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine was based on a manifest error of law.

The Rooker-Feldman doctrine prohibits lower federal courts, including bankruptcy courts and bankruptcy appellate panels, from reviewing final state court judgments. See, e.g., New Eng. Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 65 (1st Cir. 2002); Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 246-47 (B.A.P. 1st Cir. 2008). The doctrine bars jurisdiction when "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see also Riley v. Decoulos (In re Am. Bridge Prods., Inc.), 599 F.3d 1, 4 (1st Cir. 2010). The Panel has explained that Rooker-Feldman applies when: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff invites the federal court to review and reject the judgment; and (4) the state court judgment was rendered before the federal court proceedings began. In re Schwartz, 409 B.R. at 247.

By issuing the Foreclosure Judgment, unquestionably a final order, the state court expressly found that the Debtor received notice of the trial and that Chase had "demonstrated ownership" of the Note and "possession" of the Mortgage. Although the Debtor moved to vacate the Foreclosure Judgment on the grounds that he was denied due process and Chase lacked

11

standing to foreclose, the state court denied that motion. After losing in the state court Foreclosure Action, the Debtor then commenced the adversary proceeding in the bankruptcy court against Chase seeking to vacate the Foreclosure Judgment, asserting these same arguments previously presented to, and rejected by, the state court. For the Debtor to prevail in the adversary proceeding, the bankruptcy court would have to reverse those final rulings by the state court, actions expressly prohibited by the Rooker-Feldman doctrine.

Despite the Debtor's dissatisfaction with the Foreclosure Judgment, the bankruptcy court cannot act as an appellate court sitting in review of the state court judgment. See Heghmann v. Indorf (In re Heghmann), 316 B.R. 395, 403 (B.A.P. 1st Cir. 2004) (holding that "under the Rooker-Feldman doctrine, a bankruptcy court, as a lower federal court, cannot review the final judgment of a state court") (citations omitted). "Such appellate jurisdiction to review a state court judgment is reserved for the Supreme Court of the United States." In re Harris, No. 17-31042-CJP, 2018 WL 6729689, at *7 (Bankr. D. Mass. Dec. 21, 2018) (citing 28 U.S.C. § 1257; Exxon Mobil Corp., 544 U.S. at 283). We agree with the bankruptcy court's assessment that it was without jurisdiction to review the correctness of the Foreclosure Judgment, and its dismissal of the complaint on that basis did not constitute a manifest error of law.[5] In short, there was no abuse of discretion in denying the Reconsideration Motion under Rule 60(b)(6).

---

[5] Having concluded that there was no manifest error of law committed by the bankruptcy court in dismissing the complaint under the Rooker-Feldman doctrine, we need not address the bankruptcy court's alternative basis for dismissing the complaint under the res judicata doctrine. See Field v. Berman, 526 F. App'x 287, 292 n.5 (4th Cir. 2013) (stating it was unnecessary to address the lower court's dismissal of the subject claims under the res judicata doctrine in light of its affirmance of the lower court's Rule 12(b)(1) dismissal for lack of subject matter jurisdiction under the Rooker-Feldman doctrine).

**II.     The Bankruptcy Court Did Not Abuse its Discretion in Denying Leave to Amend the Complaint**

As his last salvo to save the adversary proceeding through the Reconsideration Motion, the Debtor also cited Bankruptcy Rule 7015 governing amendments to pleadings.  He asserted that he was entitled to "a 'mulligan,' a 'do-over,'" to better present his claims and requests for relief.  To the extent the Reconsideration Motion can be construed as a request for leave to amend his complaint, the bankruptcy court did not abuse its discretion in denying that request.

Bankruptcy Rule 7015 provides that Rule 15 applies in adversary proceedings. Rule 15(a)(1) allows a party to amend its pleading once as a matter of course under certain circumstances not present here.  In other circumstances, a party "may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The bankruptcy court "should freely give leave" to amend a complaint "when justice so requires." Id.  "This permissiveness, though, extends only so far."  Privitera v. Curran (In re Curran), 855 F.3d 19, 27 (1st Cir. 2017) (citing Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006) (observing that courts need not "mindlessly grant every request for leave to amend")). The court has discretion to deny leave to amend for a variety of reasons, including "undue delay, bad faith or dilatory motive, undue prejudice, or futility of amendment[.]"  Keach v. Wheeling & Lake Erie Ry. Co. (In re Montreal, Me. & Atl. Ry., Ltd.), 888 F.3d 1, 12 (1st Cir. 2018) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted).  The court's exercise of discretion should be upheld if there is an "arguably adequate basis" for its decision. In re Curran, 855 F.3d at 28 (quoting Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001)); see also Zullo v. Lombardo (In re Lombardo), 755 F.3d 1, 3 (1st Cir. 2014) ("While the rules . . . reflect a liberal amendment policy, we defer to the bankruptcy

court's denial of leave to amend if supported by an apparent, adequate reason . . . .") (citation omitted).

Significantly, the Debtor requested leave to amend his complaint for the first time in the Reconsideration Motion, presumably in an attempt to correct the deficiencies identified by the bankruptcy court at the hearing on the Motion to Dismiss and in the Dismissal Order. He did not, however, provide a proposed amended complaint or proffer any new facts or allegations to support his arguments for revocation of the Foreclosure Judgment. Rather, once again he simply rehashed his prior arguments.

We can find no error in the bankruptcy court's reasoning that the Debtor's request was too late and "a dollar short." The Motion to Dismiss more than adequately alerted the Debtor to the deficiencies in the complaint, yet he took no action to assert any new facts or supporting allegations in response to the motion. See Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc., 778 F.3d 228, 247 (1st Cir. 2015) (rejecting plaintiffs' argument that the lower court erred in denying leave to amend the complaint where they had notice of the deficiencies in the complaint but took no action to amend until after complaint was dismissed). If he had additional factual allegations to buttress the complaint, he should have moved to do so before entry of the Dismissal Order. See id.; see also ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 57 (1st Cir. 2008) (holding that district court did not err in denying leave to amend because "[p]laintiffs took no action to add new allegations" in response to defendants' motion to dismiss). The First Circuit has stated categorically: "We wish to discourage this practice of seeking leave to amend after the case has been dismissed." Fire & Police Pension Ass'n of Colo., 778 F.3d at 247. Additionally, the Debtor has not identified any other factual allegations that could be pled in an amended complaint to render his claim for revocation of the Foreclosure Action plausible.

14

See In re Curran, 855 F.3d at 28-29 (denying leave to amend as futile because of plaintiff's failure to allege additional facts that would render the claim plausible).

We find no abuse of discretion by the bankruptcy court in denying the Debtor's belated request for leave to amend his complaint.

## **CONCLUSION**

For the reasons set forth above, we **AFFIRM** the Order Denying Reconsideration.